UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANNAIL OBHOF, | ) | CASE NO. 1:23-cv-2000 |
| | ) | |
| PETITIONER, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| WARDEN HAROLD MAY, | ) | |
| | ) | |
| RESPONDENT. | ) | |

On April 18, 2025, the assigned magistrate judge issued a Report and Recommendation ("R&R") recommending denial and dismissal of the petition of *pro se* petitioner Dannail Obhof ("Obhof" or "petitioner"). (Doc. No. 10 (R&R).) Petitioner filed timely objections pursuant to Fed. R. Civ. P. 72(b). (Doc. No. 12 (Objections).) Respondent did not file a response to the objections and the time for doing so under the rule has expired. For the reasons set forth herein, the petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, is denied in its entirety and this case is dismissed.

**I.     LEGAL STANDARD**

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."); Fed. R. Civ. P. 72(b)(3) ("The district judge

must determine de novo any part of the magistrate judge's disposition that has been properly objected to.") "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). After review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Where proper objections are made, the Court conducts its de novo review under the deferential standards of review in 28 U.S.C. § 2254(d)(1)–(2). *See Harris v. Stoval*, 212 F.3d 940, 942 (6th Cir. 2000) (variously quoting *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 398 (2000) to explain the standard).

## II. PETITIONER'S OBJECTIONS

The R&R sets forth the procedural and factual history of this case, and Obhof takes no issue with this recitation. (Doc. No. 10, at 1–6;[1] *see generally* Doc. No. 12.) Further, the Court presumes the correctness of the summary of the state court's factual findings, as reflected in the R&R, and adopts the same. *See also McAdoo v. Elo*, 365 F.3d 487, 493–94 (6th Cir. 2004) ("A federal court is to apply a presumption of correctness to state court findings of fact for habeas corpus purposes unless clear and convincing evidence is offered to rebut the presumption." (citing, among authority, 28 U.S.C. § 2254(e)(1)).

Obhof raises two objections for this Court's consideration. First, he claims that his *Alford*

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

plea[2] was not knowingly and intelligently made because the trial court failed to fully inform him that he would be subject to certain reporting requirements as a convicted sex offender. (Doc. No. 12, at 2.) In particular, he maintains that the trial court failed to advise him regarding the "community notifications and residential restrictions that were imposed on tier 2 and 3 child victim offenders under R.C. 2950.11 and 2950.034." (*Id.*) Second, he appears to argue that the trial court's acceptance of his *Alford* plea violated Ohio R. Crim. P. 11. (*Id.*) The Court finds that Obhof has failed to advance proper habeas objections and has, therefore, waived his right to de novo review. *See Thompson v. Bracy*, No. 1:19-cv-58, 2022 WL 911260, at *6 (N.D. Ohio Mar. 29, 2022) (citations omitted).

Obhof's first objection—that his plea was not knowing and voluntary—is identical to the argument he raised in his petition. (*See* Doc. No. 1, at 5 ("The guilty plea was not knowingly [and] intelligently made because the trial court failed to inform me regarding sex offender requirements.")). This argument has already been rejected by the well-reasoned R&R, and the objection fails to identify for this Court's review any specific error in the R&R's identification and/or application of governing habeas law.

District courts in this circuit (and other circuits) have consistently held that a petitioner's objections fail the test of specificity, set forth in Fed. R. Civ. P. 72(b), when they simply repeat arguments already presented to the magistrate judge, without demonstrating the factual or legal error in the magistrate judge's analysis. These courts conclude that such objections do no more than express dissatisfaction with, and general objection to, the R&R. *See Cannon v. Potter*, No.

---

[2] *See North Carolina v. Alford*, 400 U.S. 25, 31–33, 39, 91 S. Ct. 160, 27 L. Ed. 2d 142 (1970) (permitting a defendant to enter a plea of guilty accompanied by "protestations of innocence"). A plea under *Alford* "is a guilty plea in all material respects." *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) (citation omitted).

1:16-cv-1849, 2019 WL 4315931, at *3 (N.D. Ohio Sept. 12, 2019) (citing *Roach v. Hoffner*, No. 1:13-cv-42, 2016 WL 386151, at *1 (W.D. Mich. Feb. 2, 2016) ("Petitioner's objections essentially reiterate the same arguments he presented in his petition . . . [and] fail to demonstrate any factual or legal error in the [m]agistrate [j]udge's analysis, only [p]etitioner's dissatisfaction with, and general objection to, the . . . recommendation."); *Green v. Andrews*, No. 07-cv-2093, 2010 WL 1957482, at *6 (N.D. Ohio May 14, 2010) (finding petitioner's general objections "amount to approximately ten pages of text lifted verbatim" from her traverse and "do not serve the purposes of [Fed R. Civ. P.] 72(b), which requires the Court to conduct a *de novo* review only of the portions of the . . . R&R to which a party objects"); *Turner v. Tilton*, No. 07-cv-2036, 2008 WL 5273526, at *1 (S.D. Cal. Dec. 18, 2008) (concluding petitioner did not make "an objection to any specific portion of the [R&R]" where petitioner discussed only the claims in the petition and did not address the magistrate judge's findings); *see generally Wallace v. Adams*, 51 F.3d 274 (Table), 1995 WL 141385, at *1 (6th Cir. Mar. 24, 1995) ("A party must make specific objections in order to pinpoint those portions of the magistrate judge's report that the district court must specifically consider[.]"); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (similar); *see also Rush v. City of Mansfield*, 771 F. Supp. 2d 827, 833 n.2 (N.D. Ohio 2011) (observing that the approach of using "objections" that merely incorporate arguments from the initial briefing "undermine[s] the purpose of the Magistrate's Act to provide assistance of subordinate judicial officers to Article III judges[ because] [i]f an Article III judge must repeat the process in which the magistrate judge engaged, instead of being directed to specific objections, what use is the reference?" (quotation marks and citation omitted)).

4

Accordingly, this first objection is not entitled to de novo review and is overruled because it lacks the specificity required by Fed. R. Civ. P. 72(b).

In his second objection, Obhof argues that the trial court violated Ohio R. Crim. P. 11. (Doc. No. 12, at 2.)[3] (*Id*.) He attempts to support this argument by reproducing large block quotes from three unreported state court decisions discussing Rule 11. (*See id*. at 3–11.)

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (citations omitted). Alleged errors involving a state court's interpretation of its own procedural rules are not cognizable in federal habeas corpus review. *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000) (citations omitted); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) ("errors in application of state law . . . are usually not cognizable in federal habeas corpus" (quotation marks and citation omitted)); *see also Estelle*, 502 U.S. at 67–68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (noting that a federal habeas court does not function as an additional state

---

[3] Obhof also argues that his trial "attorney knowingly knew and did not explain the full punitive consequences of the plea deal to the petitioner which lead [sic] to the petitioner [] not knowingly or intelligently and voluntarily accept[ing] a plea deal." (*Id*. at 2.) To the extent petitioner is now attempting to raise a claim of ineffective assistance of counsel in his objections, the claim is forfeited. *See AES-Apex Emp. Servs., Inc. v. Rotondo*, 924 F.3d 857, 867 (6th Cir. 2019) ("[A] district court *never* abuses its discretion when it holds that an issue not actually presented to a magistrate judge is forfeited." (emphasis added, citation omitted)). A petitioner cannot "raise at the district court stage new arguments or issues that were not presented" before the magistrate judge's final R&R. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (collecting cases); *see Jalowiec v. Bradshaw*, 657 F.3d 293, 311–12 (6th Cir. 2011) (holding that the district court properly declined to address grounds for relief that were not asserted in the petitioner's habeas petition); *Pryor v. Erdos*, No. 5:20-cv-2863, 2021 WL 4245038, at *8 (N.D. Ohio Sept. 17, 2021) ("It is well-established that a habeas petitioner cannot raise new claims or arguments in an objection that were not presented to the Magistrate Judge." (collecting cases)).

appellate court; it does not review state courts' decisions on state law or procedure (quotation marks and citation omitted)). Thus, whether the trial court violated Ohio R. Crim. P. 11 when it accepted petitioner's *Alford* plea is a "question beyond the jurisdiction of this court." *See, e.g., Anderson v. Ohio Reformatory for Women*, No. 1:11-cv-1571, 2012 WL 1854256, at *3 (N.D. Ohio Mar. 12, 2012) (rejecting as non-cognizable on federal habeas review the question of whether the trial court failed to comply with Ohio R. Crim. P. 11(C)). Obhof's second objection is overruled.

Of course, the question of whether Obhof's plea was taken in accordance with the Due Process Clause of the Fourteenth Amendment is a proper consideration for a habeas court. To satisfy federal due process concerns, a guilty plea (or an *Alford* plea) must be voluntarily, knowingly, and intelligently made. *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970). The trial court must ensure that a defendant is aware of the relevant circumstances and likely consequences of a plea. *Id.* at 748. The trial court is not, however, constitutionally obligated to inform the defendant of all the possible collateral consequences of the plea. *King v Dutton*, 17 F.3d 151, 153 (6th Cir. 1994) (citation omitted); *see also United States v. Singh*, 95 F.4th 1028, 1032 (6th Cir. 2024) (holding that a plea entered by one fully aware of the direct consequences of the plea satisfies due process (citations omitted)). The Sixth Circuit has "repeatedly determined that sex offender registration is a collateral consequence to which a trial court need not inform a defendant." *Pluhar v. Cook*, No. 1:16-cv-2051, 2019 WL 1128639, at *4 (N.D. Ohio Mar. 12, 2019) (citing, among authority, *Blumenthal v. Curley*, No. 12-1221, 2013 WL 7141279, at *2 (6th Cir. Apr. 1, 2013)); *see Rose v. Bauman*, No. 2:17-cv-10836, 2018 WL 534490, at *5 (E.D. Mich. Jan. 24, 2018) (noting that the "Sixth Circuit has concluded on several

occasions that the requirement to register as a sex offender is a collateral one that need not be disclosed to the defendant in order for a plea to be valid" (collecting cases)); *see also Noonan v. Hoffner*, No. 1:14-cv-830, 2014 WL 5542745, at *10 (W.D. Mich. Oct. 31, 2014) (interpreting Sixth Circuit law finding that sex-offender registration is a "collateral consequence" because it is "'beyond the control or responsibility of the court'" (quoting *United States v. Cottle*, 355 F. App'x 18, 21 (6th Cir. 2009)).

Petitioner has failed to demonstrate that the trial court's acceptance of his *Alford* plea violated the Due Process Clause. Further, the Court agrees with the magistrate judge that Obhof has failed to identify any clearly established federal law that the state courts violated or unreasonably applied in concluding that his *Alford* plea was valid. (*See* Doc. No. 10, at 17–18.)

### III. CONCLUSION

For the foregoing reasons, the Court overrules petitioner's objections, adopts the well-reasoned R&R, denies the petition in its entirety, and dismisses this case. Further, for the same reasons, the Court finds that "reasonable jurists" would not debate the Court's resolution of the claims raised in the habeas petition. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Accordingly, the Court certifies that an appeal from this decision could not be made in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3); 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: August 6, 2025

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**