**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANNAIL OBHOF, | ) | CASE NO. 1:23-cv-2000 |
| | ) | |
| | ) | |
| Petitioner, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| WARDEN HAROLD MAY, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

Pending before the Court is the motion of petitioner Dannail Obhof ("Obhof") for an extension of time in which to file a notice of appeal. (Doc. No. 15 (Motion).) For the reasons stated below, the motion is denied.

**I.      BACKGROUND**

Obhof filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his state court convictions for rape.  (Doc. No. 1 (Petition).) On August 6, 2025, the Court issued a decision denying the habeas petition with prejudice (Doc. No. 13 (Memorandum Opinion and Order)), and a separate judgment was entered in accordance with the federal rules. (Doc. No. 14 (Judgment Entry).) *See* Fed. R. Civ. P. 58(a).  As part of its ruling, the Court declined to issue Obhof a certificate of appealability. (Doc. No. 13, at 7.)[1] The docket reflects that a copy of the memorandum opinion and order and judgment was served on Obhof by U.S. Mail at the state correctional facility where he is serving his sentence. (*See* Mailing Notation, 8/7/2025.)

On January 7, 2026, Obhof signed and dated a motion for an extension of time in which to

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

file a notice of appeal. (Doc. No. 15, at 1.) In his motion, Obhof avers that he needs an extension of time to "properly litigate [his] cause within the courts and to proceed within a procedural matter in the United States Court of Appeals[.]" (*Id*. at 2.) In support, he cites his limited education, financial constraints, and his reading and comprehension disabilities. (*Id*.) Though it is not entirely clear, a handwritten note appended to the motion suggests that Obhof's anticipated appeal would raise alleged equal protection and Fed. R. Crim. P. 11 violations. (Doc. No. 15-1, at 1.).

Obhof erroneously directed the present motion for an extension of time to the United States Court of Appeals for the Federal Circuit. (*See* Doc. No. 15, at 1.) The Federal Circuit transmitted the motion to the Clerk of Courts for the United States District Court for the Northern District of Ohio under a cover letter dated January 26, 2026. (Doc. No. 15-3 (Letter), at 1.) The motion was placed on this Court's docket on February 9, 2026.

## II.      DISCUSSION

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal must be filed within 30 days of the entry of the judgment or order from which the appeal is taken. Fed. R. App. P. 4(a)(1)(A). This time limit is "mandatory and jurisdictional." *Browder v. Dir., Dep't of Corrections*, 434 U.S. 257, 264, 96 S. Ct. 556, 54 L. Ed. 2d 521 (1978) (citations omitted); *see In re East Palestine Train Derailment*, 158 F.4th 704, 710–11 (6th Cir. 2025) (citing, among authority, *Bowles v. Russell*, 551 U.S. 205, 209, 127 S. Ct. 2360, 168 L. Ed. 2d 96 (2007)). The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F.3d 773, 774 (6th Cir. 1998); *see In re East Palestine Train Derailment*, 158 F.4th at 711. Under Rule 4(a)(1)(A), Obhof's notice of appeal was due September 5, 2025.

Rule 4(a)(5)(A) permits a district court to extend the time to file a notice of appeal if:

(i)      a party so moves no later than 30 days after the time prescribed by [] Rule

> 4(a) expires; and
>
> (ii)    regardless of whether its motion is filed before or during the 30 days after the time prescribed by [] Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

Obhof's motion for an extension of time—dated January 7, 2026[2]—was filed 154 days after the Court issued its judgment on August 6, 2025. Because Obhof clearly failed to seek an extension of time within 30 days of the expiration of the original filing period, he is not entitled to an extension under Fed. R. App. P. 4(a)(5)(A). *See Beard v. Carrollton R.R.*, 893 F.2d 117, 120 (6th Cir. 1989). Moreover, because Obhof's motion for an extension of time was not filed within the 30-day window, as required by Rule 4(a)(5), this Court lacks the authority to consider his allegations of excusable neglect or good cause.[3] *See In re East Palestine Train Derailment*, 158 F.4th at 711; *Pryor v. Marshall*, 711 F.2d 63, 64–65 & n.3 (6th Cir. 1983) (collecting cases).

---

[2] The prison mailbox rule, announced in *Houston v. Lack*, 487 U.S. 266, 270–72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), provides that a federal prisoner's *pro se* motion is ordinarily deemed filed on the date that it was submitted to prison mailing officials. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). Affording Obhof the benefit of the doubt, the Court will assume that Obhof submitted his motion to prison mailing officials on January 7, 2026, the date he signed it.

[3] Additionally, a district court may reopen the time to file an appeal for 14 days if the moving party did not receive notice of the entry of the judgment within 21 days after entry, "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier," and no party would be prejudiced. Fed. R. App. P. 4(a)(6). As previously noted, the docket reflects that a copy of Court's decision and judgment was timely served on Obhof by U.S. Mail at his facility. Accordingly, there is no basis in the record for the Court to reopen the time to file an appeal.

3

### III. CONCLUSION

For the foregoing reasons, the motion (Doc. No. 15) for an extension of time to file a notice of appeal is denied.

**IT IS SO ORDERED**.

Dated: March 9, 2026

    **HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**